**Affirmed as Modified; Opinion Filed July 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01399-CR
No. 05-13-01400-CR

**DAVID EUGENE FIELDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F08-62384-Q and F12-51531-Q**

## MEMORANDUM OPINION
Before Justices Lang, Brown and Whitehill
Opinion by Justice Lang

These appeals follow the trial court's judgments revoking David Eugene Fields's community supervision for a 2009 conviction (appellate cause number 05-13-01399-CR, "the first case") and a 2012 conviction (appellate cause number 05-13-01400-CR, "the second case") for failing to register as a sex offender. Fields raises three issues. His first issue asserts error as to both cases, specifically that the trial judge abused her discretion and exhibited bias and partiality at punishment when she considered unproven, extraneous offenses outside the record. Fields's second and third issues assert error only as to the second case and contend the trial court's judgment incorrectly reflects he was convicted of a second degree felony in violation of section 62.10 of the Texas Code of Criminal Procedure instead of a third degree felony in

violation of section 62.102 of the code. We affirm the judgment in appellate cause number 05-13-01399-CR and, as modified, affirm the judgment in appellate cause number 05-13-01400-CR.

## I. BACKGROUND

Fields's duty to register as a sex offender stems from convictions in May 2004 for sexual assault and compelling prostitution. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A),(B),(K), 62.101(a)(1),(2) (West Supp. 2014). The first case arose after he failed to comply with the initial registration requirements within seven days of his release from prison for the sexual assault offense. *See id.* arts. 62.051, 62.102(a). The trial court assessed a ten year sentence, suspended imposition of the sentence, and placed Fields on community supervision for three years. In January 2011, the State moved to revoke probation, asserting, among other violations, that Fields had tested positive for PCP and committed the offenses of public intoxication and possession of a controlled substance. The State subsequently withdrew its motion, but the trial court modified the conditions of supervision based on the violations alleged in the motion. In February 2012, the State again moved to revoke Fields's probation. The trial court denied the motion, but extended Fields's period of supervision for seven years and modified the terms of supervision to include, among other conditions, participation in an electronic monitoring program.

The State's 2012 motion to revoke coincided with Fields's arrest in the second case. This case arose after Fields failed to comply with the registration requirements that he ensure his registration information is kept accurate, provide advance notice of any intended change of address, and reside at the registered address. *See id.* arts. 62.058, 62.102(a). The punishment for this offense was enhanced from that of a third degree felony to a second degree felony as a result of his failure to register conviction in the first case. *See id.* art. 62.102(b)(2),(c). Fields was convicted of this offense and assessed a ten year sentence. However, the trial court suspended

the sentence and placed Fields on community supervision for ten years, under terms identical to the ones in the first case.

In June 2013, the State moved to revoke probation in both cases, asserting Fields failed to pay certain fees and comply with the home arrest requirement of the electronic monitoring program. Fields pleaded not true to the allegations in the State's motions. Following testimony at the hearing on the motions showing Fields had "anywhere from 25 to 50" violations for "unapproved leaves and entries to his house" between January and May 2013, the trial court found the allegations true, revoked probation in each case, and assessed the concurrent ten year sentences.

## II. BIAS AND PARTIALITY AT PUNISHMENT

Fields's claim in his first issue of abuse of discretion, bias, and partiality stems from the following exchange between defense counsel and the trial judge during Fields's closing argument at punishment:

| | |
|---|---|
| [DEFENSE COUNSEL]: | Your Honor, these are – these are registration violations. And the Court is aware that there are – you know, that a lot of people mess up with, you know, in reporting, in notifying one agency, not notifying the other. He's not committed any new offenses. He's been on probation - - |
| [TRIAL JUDGE]: | That we know of. |
| [DEFENSE COUNSEL]: | Correct, which is the presumption that the Court should have, that he - - |
| [TRIAL JUDGE]: | No, I don't have to have that presumption. |
| [DEFENSE COUNSEL]: | A presumption - - |
| [TRIAL JUDGE]: | Why do you think I got him on electronic monitor? Because I'm worried he's gonna go out and abuse a child, have sex with a child. |
| [DEFENSE COUNSEL]: | And there's no evidence of that here, Your Honor. There's not even a preponderance of the evidence that he's committed a new offense. |

[TRIAL JUDGE]:    [Counsel], he's high risk for that very reason. He's on leg monitor for that very reason. That's why I've got him on there. I am not going to ignore that he is a registered sex offender. I'm not going to treat him like a dope case. I'm not going to do it.

Fields asserts the trial judge's comments reflect she "had a sort of obligation to assume [he] was out committing new sexual offenses during his probation and therefore, had to keep track of his whereabouts by electronic monitoring." Further, he asserts the comments "reveal an improper consideration of evidence outside the record when determining Fields's sentence, and shows the trial court's bias entered into the sentencing decision."

*A. Applicable Law and Standard of Review*

A trial judge has wide discretion in determining punishment. *See Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). In exercising this discretion, however, the trial judge must remain impartial. *See Grado*, 445 S.W.3d at 739. Exercising the ability to disregard extraneous information and render a decision upon the record is one of the skills expected of the judiciary. *See Liteky v. U.S.*, 510 U.S. 540, 562 (1994) (Kennedy, J., concurring). Because judges, "if faithful to their oath, approach every aspect of each case with a neutral and objective disposition," they enjoy a presumption of impartiality, and a claim of bias by a judge will rarely succeed. *See id.*; *Celis v. State*, 354 S.W.3d 7, 24 (Tex. App,—Corpus Christi 2011), *aff'd*, 416 S.W.3d 419 (Tex. Crim. App. 2013); *Ex parte Ellis*, 275 S.W.3d 109, 116 (Tex. App.—Austin 2008, no pet.). The term "bias" does not encompass "all unfavorable rulings towards an individual or her case." *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd). Rather, "bias" connotes "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is underserved . . . rests upon knowledge that the subject ought not to possess . . ., or . . . is excessive in degree." *Id.* (quoting *Liteky*, 510 U.S. at

–4–

550). An appellate court will sustain a claim of bias and partiality only if, from a review of the entire record, it finds judicial impropriety was committed and, as a result, the complaining party suffered probable prejudice. *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

### B. Application of Law to Facts

Viewing the record as a whole, we conclude the trial court did not abuse its discretion in imposing the ten-year sentences. In reaching this conclusion, we observe defense counsel's argument in closing followed the State's arguments that it was seeking a "high prison sentence" in light of (a) Fields's arrest in the second case while he was on probation in the first case, and (b) the large number of "unapproved leave and entries" Fields had to his house. In his argument, defense counsel sought to minimize the seriousness of the facts before the trial court by arguing the offenses at issue were only registration violations, and he had committed no new offenses. Although the trial judge interjected Fields had not committed any new offenses "that we know of," she explained she was concerned about Fields because he is a "registered sex offender" and "[t]hat's why I've got him on [leg monitor]." The record reflects she sentenced him shortly after the complained-of comment, but nothing in the record suggests she based the sentences on any extraneous or unproven potential offenses. To the contrary, as the State points out and the record reflects, she revoked Fields's probation and assessed a period of confinement only after her multiple efforts to continue Fields on probation failed. In fact, she even noted, prior to the parties' closing arguments, as follows:

> Oh boy, I think I have worked so hard with this Defendant. I think I worked so hard with him, harder, I think, than most judges would, you know. Anything having to do with sex abuse cases, most judges aren't even going to take a chance. I've given him many chances. I've tried the best that I can . . . What else? What else can I do to make him realize that he can't just do whatever he wants to do all the time?

Rather than reflecting an "unfavorable disposition . . . that is somehow wrongful or inappropriate, either because it is undeserved . . . rests upon knowledge [the judge] ought not to possess . . . or . . . is excessive in degree," the ten year sentences, which fall within the applicable range of punishment, are commensurate with the facts before the trial court. *See Abdygapparova*, 243 S.W.3d at 198 (quoting *Liteky*, 510 U.S. at 550); *see also* TEX. PENAL CODE ANN. §§ 12.33 (providing range of punishment for second degree felony is "any term of not more than 20 years or less than 2 years"), 12.34 (providing range of punishment for third degree felony is "any term of not more than 10 years or less than 2 years"). We decide Fields's first issue against him.

### III. MODIFICATION OF JUDGMENT

Fields's second and third issues complaining of errors in the trial court's judgment in the second case are not contested by the State, and we agree the judgment in that case incorrectly recites appellant was convicted of a *second* degree felony pursuant to article *62.10* of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2), (c) (stating elements of offense of failure to comply with registration requirements, classifying offense as a felony of the third degree where duty to verify registration is annual, and enhancing *punishment*, for that offense, to the next highest degree of felony). Because an appellate court has the authority to modify an incorrect judgment to make the record speak the truth, we decide these issues in Fields's favor and modify the judgment to reflect Fields was convicted of a *third* degree felony pursuant to article *62.102* of the code of criminal procedure. *See* TEX. R. APP. P. 43.2(b); TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2), (c); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

## IV. CONCLUSION

We affirm the trial court's judgment in 05-13-01399-CR and, as modified, affirm the trial court's judgment in 05-13-01400-CR.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131399F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID EUGENE FIELDS, Appellant

No. 05-13-01399-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F08-62384-Q.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 8th day of July, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID EUGENE FIELDS, Appellant

No. 05-13-01400-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-51531-Q.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **MODIFY** the section of the trial court's judgment entitled "<u>Degree of Offense</u>" to reflect **3RD DEGREE FELONY** instead of **2ND DEGREE FELONY**. We further **MODIFY** the section of the trial court's judgment entitled "<u>Statute for Offense</u>" to reflect **62.102 of the Texas Code of Criminal Procedure** instead of **62.10 Code of Criminal Procedure**.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 8th day of July, 2015.