**REVERSE and REMAND; and Opinion Filed April 22, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00711-CR

### ALEXANDER FRANCES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 401st Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 401-82484-2013

## MEMORANDUM OPINION
Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

Appellant Alexander Frances pled guilty to aggravated robbery and not true to a gang enhancement. The trial court found appellant guilty of the offense of aggravated robbery and found the gang enhancement to be true. The judge sentenced appellant to twenty years' confinement, believing the statutory minimum for appellant's offense was fifteen years when in fact it was only five. Concluding appellant has the right to be sentenced by a judge who considers the entire range of punishment, we reverse the trial court's judgment and remand this cause for a new punishment hearing. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

On appeal, appellant complains of two points of error: 1) the evidence presented at trial was insufficient to support a finding of true to the gang enhancement paragraph, and 2) the punishment assessed is grossly disproportionate for the offense charged.

Appellant was charged by indictment with the offense of aggravated robbery on October 22, 2013. Relying on section 71.02, the State filed a notice of gang enhancement on April 14, 2014. *See* TEX. PENAL CODE ANN. § 71.02 (West Supp. 2014). The record before us shows that the judge, prosecutor and defense attorney proceeded under the wrong statute and considered the wrong range of punishment. The parties were under the mistaken belief that section 71.02 was applicable to enhance the punishment of the offense of aggravated robbery pursuant to section 29.03. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). As a result, the trial court considered the wrong range of punishment.[1]

The State now concedes, and we agree, that the "gang member enhancement" offered by the State for aggravated robbery does not exist.[2] The "gang member enhancement" used by the trial court applies to the offense of engaging in organized criminal activity under Chapter 71. *See* TEX. PENAL CODE ANN. § 71.01–.05 (West 2011 & Supp. 2014). "The unfettered right to be sentenced by a sentencing judge who properly considers the entire range of punishment is a substantive right necessary to effectuate the proper function of our criminal justice system." *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). We conclude the trial court erred by not considering the full range of punishment in this case. Accordingly, we reverse the trial

---

[1] The record reflects the trial court used fifteen years as the minimum sentence under section 71.02(b)(2) rather than a minimum sentence of five years under section 29.03(b). *See* TEX. PENAL CODE ANN. § 29.03(b), 71.02(b)(2).

[2] A gang-related conduct finding pursuant to article 42.0197 is not under consideration in this opinion. *See* TEX. CODE CRIM. PROC. ANN. art. 42.0197 (West Supp. 2014) (provides for the finding that the applicable conduct was engaged in as part of the activities of a criminal street gang). *See also* TEX. PENAL CODE ANN. § 3.03(b)(4) (West Supp. 2014) (provides sentences may run concurrently or consecutively if the accused is found guilty of more than one offense arising out of the same criminal episode and is convicted for offense under 42.0197, Code of Criminal Procedure).

court's judgment as to the punishment and remand this case to the trial court for a new punishment hearing.

Having determined this case will be remanded for a new punishment hearing, we conclude the two points of error raised by appellant about his punishment are moot.

In conclusion, we reverse the trial court's judgment pertaining to the punishment and remand this cause to the trial court for a new punishment hearing.

/Ada Brown/
ADA BROWN
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b).

140711F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ALEXANDER FRANCES, Appellant

No. 05-14-00711-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82484-2013.
Opinion delivered by Justice Brown. Justices
Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** as to the punishment and the cause **REMANDED** for a new punishment hearing. TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp. 2014).

Judgment entered this 22nd day of April, 2015.