

PD-0884-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/27/2015 1:26:38 PM
Accepted 7/28/2015 4:33:23 PM
ABEL ACOSTA
CLERK

**SHAREN WILSON**

Criminal District Attorney

Tarrant County

July 27, 2015

FILED IN
COURT OF CRIMINAL APPEALS

July 28, 2015

ABEL ACOSTA, CLERK

Hon. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

Re:    **Whatley v. State, No. PD-0884-15**

Greetings:

This letter is in response to Appellant's Petition for Discretionary Review filed on July 17, 2015, attacking the decision in Whatley v. State, No. 02-14-00472-CR, 2015 WL 3422159 (Tex.App. -- Fort Worth May 28, 2015, pet. filed) (*per curiam* mem. op. on reh'g, not designated for publication).   The court of appeals held that Appellant failed to prove that he was subjected to a pre-determined sentence. Id. at *2.

Appellant's sole ground for review maintains that the trial court's consideration of unobjected-to evidence concerning the victim's wishes regarding probation constitutes a failure to consider the entire applicable range of punishment. Pet. at 3.   Appellant's complaint is unworthy of discretionary review for a number of reasons.

First, the bulk of Appellant's complaint constitutes a mere rehash of the complaint that Appellant presented to the court of appeals rather than an attempt to demonstrate where the court of appeals' decision violates precedent.[1]   Degrate v. State, 712 S.W.2d 755, 756 (Tex. Crim. App. 1986) (*per curiam*) (discretionary review petition should specifically address court of appeals' decision, and "[a]ny petition which

---

[1]    While the "argument" portion of Appellant's petition mentions the court of appeals' decision once, in passing, Pet. at 8, this solitary mention does not "amplify" Appellant's stated reason for why the Court should grant review. Id. at 3 (citing TEX. R. APP. P. 66.3(b)); TEX. R. APP. P. 68.4(f).

fails to set forth adequate reasons for this Court to exercise its discretion to review a court of appeals' opinion is subject to . . . summary refusal"); see also TEX. R. APP. P. 66.1 & 68.1.

Second, Appellant points to no comment from the trial court showing that the trial court imposed a pre-determined sentence. Appellant's reliance on evidence that was admitted at trial (without objection), or arguments made by the prosecution, simply do not advance a claim that Appellant was subjected to a pre-determined sentence.[2] A trial court does the opposite of imposing a pre-determined sentence when it considers evidence that was admitted at trial. See Ex parte Brown, 158 S.W.3d 449, 456-57 (Tex. Crim. App. 2005) (*per curiam*). Absent a clear showing of bias, a trial court's actions are presumed to be correctly-based rather than pre-determined. See Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

Third, if Appellant felt that certain evidence should not be considered, Appellant needed to object to that evidence at trial rather than attempt to transmute an unpreserved evidentiary complaint into a pre-determined sentence claim.[3] See, e.g., Anderson v. State, No. 05-12-01341-CR, 2013 WL 6229542, at *1 (Tex.App. -- Dallas Dec. 2, 2013, no pet.) (mem. op., not designated for publication) (complaint that trial court improperly considered hearsay evidence in probation file was not preserved where defendant did not timely object to admission of the hearsay); Adams v. State, No. 05-05-01014-CR, 2006 WL 2337743, at *1 (Tex.App. -- Dallas Aug. 14, 2006, no pet.) (not designated for

---

[2] Even Appellant concedes that it would not be a pre-determined sentence for the trial court to consider a victim's wishes contained in a PSI. Pet. at 8 n.3.

[3] The court of appeals did not reach the State's argument that Appellant's complaint about the trial court's consideration of evidence was forfeited by Appellant's failure to object to that evidence. State's coa br. at 7-9. Instead, relying upon Grado v. State, 445 S.W.3d 736, 739-43 (Tex. Crim. App. 2014), the court of appeals held that Appellant was not required to object to the sentence. Whatley, 2015 WL 3422159, at *1. The court of appeals also did not reach the State's argument that Appellant could not have excluded the victim's testimony even had Appellant objected to it. State's coa br. at 11-15.

2

publication) (appellant cannot complain about trial court's consideration of evidence in assessing punishment that appellant did not object to).

Finally, Appellant's unjustified assault on a factfinder's consideration of unobjected-to evidence, Pet. at 10, casually challenges a great deal of this Court's precedents. <u>See</u>, <u>e.g.</u>, <u>Poindexter v. State</u>, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (jury may consider "unobjected-to hearsay evidence" for any purpose).

Appellant's fact-bound petition should be refused. Thank you.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR,
Assistant Criminal
District Attorney
Chief, Post-Conviction

/s/ ANNE SWENSON
ANNE SWENSON, Assistant
State Bar No. 19575500
401 W. Belknap Street
Fort Worth, Texas 76196-0201
(817) 884-1687
FAX (817) 884-1672
ccaappellatealerts@tarrantcountytx.gov

## CERTIFICATE OF COMPLIANCE

The number of words computed in accordance with TEX. R. APP. P. 9.4(i)(1) are 862.

/s/ ANNE SWENSON
ANNE SWENSON, Assistant
Criminal District Attorney

## CERTIFICATE OF SERVICE

One copy of the State's letter reply to Appellant's petition for discretionary review has been sent to (1) counsel for Appellant, Mr. Paul Francis at pfrancis@birch.net and (2) Ms. Lisa McMinn, State Prosecuting Attorney at information@spa.texas.gov, on this the 27th day of July 2015.

/s/ ANNE SWENSON
ANNE SWENSON, Assistant
Criminal District Attorney