Opinion issued December 22, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00861-CR

———————————

**SEGISMUNDO GONZALEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 184th District Court
Harris County, Texas
Trial Court Case No. 1388920

## MEMORANDUM OPINION

Appellant Segismundo Gonzalez pleaded guilty to the first-degree felony

offense of aggregate theft of more than $200,000.[1]  Following completion of a

presence investigation (PSI) report and a hearing, the trial court sentenced

appellant to sixteen years' confinement in the Institutional Division of the Texas

Department of Criminal Justice.  Appellant contends that the trial court violated his

rights to due process and due course of law under the United States and Texas

Constitutions by (1) relying on evidence that was not admitted at the hearing, (2)

refusing to consider the entire range of punishment, and (3) not acting as a neutral

and detached hearing officer.  We reform the trial court's judgment and, as reformed,

we affirm.

## Background

Appellant was indicted for aggregate theft of more than $200,000 for

embezzling nearly one million dollars from his employer over a period of

approximately six years.  Appellant subsequently filed a motion for

probation/community supervision with the court.  On July 25, 2014, appellant

entered into a plea of guilty and a waiver of constitutional rights, an agreement to

stipulate, and a judicial confession.  Following the completion of a PSI report, the

trial court held a hearing on September 22, 2014.

---

[1]  *See* TEX. PENAL CODE ANN. § 31.09 (West 2011), § 31.03(a), (e)(7) (West Supp. 2015).

Prior to announcing the sentence at the conclusion of the punishment hearing, the trial court made the following comment:

> Just to let [the complainant] know, if I were to give him probation, I don't think you're ever going to see a dime of restitution. We do not have debtor's prison in this country. I cannot revoke his probation for failure to pay unless the State can prove that he had the ability to pay, and my experience has been people who are paying large amounts of restitution just won't work and pay it. They prefer not to work, and it's very difficult to prove that they were not trying to find a job. And I wouldn't look to see that house sold anytime soon.

Thereafter, the trial court sentenced appellant to sixteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## Discussion

In his sole point of error, appellant contends that the trial court violated his rights to due process and due course of law under the United States and Texas Constitutions. *See* U.S. CONST. amend. XIV, § 1 (providing that no State shall "deprive any person of life, liberty, or property, without due process of law . . . ."); TEX. CONST. art. I, § 19 (providing that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."). Specifically, he argues that the trial court's comment at the conclusion of the hearing, i.e., that appellant, if granted community supervision, would likely not comply with the condition requiring that he pay restitution to the complainant, demonstrates that it did not act as a neutral and

3

detached hearing officer but, instead, acted arbitrarily in refusing to consider the entire range of punishment.

We initially address the State's argument that appellant failed to preserve his issue for appeal. Generally, an issue regarding improper judicial comments must be preserved at trial. *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013). However, a party may complain about improper judicial comments even if the error was not preserved in the trial court if an absolute requirement, prohibition, or fundamental right was violated. *See Ex parte Marascio*, ___ S.W.3d ___, 2015 WL 5853202, at *2 (Tex. Crim. App. 2015).

Due process "requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence." *Buerger v. State*, 60 S.W.3d 358, 363–64 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). A trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process and is classified as a non-forfeitable, waiver-only right that is not subject to procedural default. *See Grado v. State*, 445 S.W.3d 736, 737 (Tex. Crim. App. 2014). Thus, a complaint that the trial court failed to consider the full range of punishment may be raised for the first time on appeal. *See id.* at 741–43.

Absent a clear showing of bias, we presume the trial court's actions were correct. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Bias is not shown when (1) the trial court hears evidence before assessing punishment, (2) the

4

record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court did not make any comments indicating it considered less than the full punishment range. *See id.* at 645.

Here, the trial court heard testimony from four witnesses, including three defense witnesses, and had before it the PSI report as well as several exhibits admitted at the hearing. The trial court made the complained-of comments at the conclusion of the hearing. Therefore, this is not a situation in which the trial court imposed punishment without considering any evidence relating to the offense or refused to consider mitigating evidence. *See Youkers v. State*, 400 S.W.3d 200, 209 (Tex. App.—Dallas 2013, pet. ref'd) (noting, in holding that trial court's comments did not reflect that court failed to consider full range of punishment, that challenged comments occurred "only after hearing all of the evidence"). The record also contains explicit evidence that the trial court considered the full range of punishment in this case—the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" signed by appellant, his counsel, and the trial court judge, include a note stating "[Defendant] advised at length the court <u>will</u> consider full range of sentencing." Finally, contrary to appellant's argument, the trial court's comments demonstrate that it did consider the full range of punishment because it imposed sixteen years' confinement, which is at the lower end of the five-to-ninety-nine year range for a first-degree felony and less than the twenty-five year sentence

sought by the State. *See, e.g., Novosad v. State*, No. 13-14-00314-CR, 2015 WL 4610233, at *2 (Tex. App.—Corpus Christi July 2, 2015, no pet.) (mem. op., not designated for publication) (noting record indicated that trial court considered full range of punishment where it imposed twenty-one month confinement which was less than two-year maximum punishment).

Appellant also argues that the trial court's comments reflect that it denied his motion for community supervision based solely on evidence outside of the record. Specifically, he contends that the trial court's decision was based on its conclusion that because other defendants who had received community supervision had failed to pay restitution, appellant would likewise not pay. To the contrary, the trial court's comments, which were directed to the complainant, reflect a permissible reference to its experience regarding the suitability of community supervision. *See Torres v. State*, 92 S.W.3d 911, 921 n.5 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (noting judges must routinely look to personal experience when making subjective judgment regarding punishment); *see also Ferm v. State*, No. 14-08-00287-CR, 2009 WL 2176570, at *7 (Tex. App.—Houston [14th Dist.] July 23, 2009) (mem. op., not designated for publication) (concluding "trial judge's comments reflect a permissible reference to his experience regarding the suitability for probation of defendants who, like appellant, request probation yet refuse to admit their guilt.").

We conclude that the record does not clearly indicate bias or a denial of appellant's due process rights, and that appellant has not overcome the presumption that the trial court acted as a detached and neutral officer. Accordingly, we overrule appellant's point of error.

## Pronouncement of Sentence

The judgment and sentence reflect that appellant was sentenced to seventeen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. However, the trial court orally sentenced appellant to confinement for sixteen years. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 501 (Tex. Crim. App. 2004). Therefore, we reform the judgment and sentence to reflect that appellant was sentenced to sixteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## Conclusion

We reform the trial court's judgment to reflect that appellant was sentenced to sixteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm the judgment of the trial court, as reformed.

                               Russell Lloyd
                               Justice

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).