

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-17-00209-CR

---

ROBERT WAYNE DUTTON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 29,684

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Robert Wayne Dutton appeals the trial court's judgment revoking his community supervision and sentencing him to ten years' imprisonment. Dutton claims that the trial court violated his due process rights by refusing to consider the full range of punishment. We affirm the trial court's judgment.

## I.    Background

Following a 2015 jury trial, Dutton was found guilty of the offense of injury to a child.[1] Punishment was assessed at ten years' imprisonment, suspended in favor of ten years' community supervision. On August 25, 2017, the State filed a motion to revoke Dutton's community supervision, alleging Dutton had violated two conditions of his community supervision. Specifically, the State alleged that Dutton (1) failed to perform 200 hours of community service at the rate of ten hours per month for the months of May through December 2016 and January through July 2017 and (2) failed to participate in and successfully complete a battering intervention program within sixty days from the date he was released from jail. Dutton pled true to both allegations. At the conclusion of the hearing, the trial court revoked Dutton's community supervision and sentenced him to the original ten-year sentence. Dutton claims the trial court improperly refused to consider the full range of punishment.

## II.    Analysis

When regular community supervision—as opposed to deferred adjudication community supervision—is revoked, the trial court may "proceed to dispose of the case as if there had been

---

[1]TEX. PENAL CODE ANN. § 22.04(e) (West Supp. 2017).

2

no community supervision." TEX. CODE CRIM. PROC. ANN. art. 42A.755(a) (1) (West 2018). The trial court may also, if it "determines that the best interests of society and the defendant would be served by a shorter term of confinement, reduce the term of confinement originally assessed to any term . . . not less than the minimum prescribed for the offense of which the defendant was convicted." TEX. CODE CRIM. PROC. ANN. art. 42A.755(a) (2) (West 2018). Although the trial court has "wide discretion in determining the proper punishment in a revocation hearing, due process requires the right to a hearing before a neutral and detached hearing body." *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). "A court's arbitrary refusal to consider the entire range of punishment is a denial of due process." *Id.* Absent a clear showing of bias, however, "a trial court's actions will be presumed to have been correct." *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

At the outset of the hearing, the trial court explained to Dutton that, because the jury had sentenced him to ten years' incarceration and recommended community supervision, "the maximum . . . penalty" he could face "would be up to ten years." The trial court further explained that, if the allegations were determined to be true, then the case would proceed to a "punishment hearing at which [the court would] decide what to do." The trial court continued, "And again, it would be anything from leaving you on probation, amending the terms of your probation, revoking your probation and sentencing you to prison."

Thereafter, Dutton pled true to both allegations, which pleas were accepted by the trial court. The court then proceeded to hear testimony relative to punishment, including one State's

3

witness and three defense witnesses. At the conclusion of the testimony, both sides presented closing argument, following which the trial court announced:

> Sir, you came before the Court and entered pleas of true to Allegations Numbers 1 and 2. The court accepts those pleas of true and I do find those allegations at this time to be true.
>
> On that basis, sir, I do revoke your probation. The jury, in its discretion, decided to give you ten years in prison. I don't see any reason to interfere with that, sir. And so at this time, I sentence you to ten years in the Institutional Division of the Texas Department of Criminal Justice.

The court then added that it considered the crime heinous as it involved beating "a less-than-two-year-old child" and explained that, for purposes of punishment, it did not consider Dutton's failure to participate in anger management classes, as the testimony on that subject was confusing. The trial court concluded, "[T]he rest of it, sir, I mean, I'm sorry, you've earned ten years in prison. Much, much more. I wish it could be more. I wish I could do more, but I can't, so I sentence you to ten years in the Institutional Division with credit for whatever time you've already served."

There is no indication in this record that the trial court arbitrarily refused to consider the full range of punishment. The trial court explained the punishment range to Dutton when the hearing commenced, indicating that Dutton could remain on probation, the terms of probation could be modified, or Dutton could be sent to prison for a maximum of ten years. Only after hearing all of the testimony did the trial court, in accordance with its discretion, impose the ten-year sentence originally imposed by the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(a)(1). The court explained that it discounted certain testimony offered by the State because it was "confusing" and made it clear that the decision was based on the heinous nature of the crime of which Dutton had been convicted. Finally, it is apparent from the record that the trial court found

4

no basis to conclude that the best interests of society and the defendant would be served by a shorter term of confinement than that originally imposed.

Because the record does not show that the trial court arbitrarily refused to consider the full range of punishment, we overrule this point of error.

## II. Conclusion

We affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:    June 28, 2018
Date Decided:    July 18, 2018

Do Not Publish