

# NUMBER 13-23-00495-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHRISTOPHER JESSE SAENZ,                                       **Appellant,**

**v.**

THE STATE OF TEXAS,                                              **Appellee.**

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF KLEBERG COUNTY, TEXAS

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Tijerina and Peña
### Memorandum Opinion by Chief Justice Contreras

Appellant Christopher Jesse Saenz appeals the trial court's judgment revoking his community supervision and adjudicating him guilty of the offense of taking a prohibited substance or item inside a correctional facility, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.11(d), (g). Saenz argues that the trial court erred when it sentenced him

to twenty-five years' imprisonment because the sentence was improperly enhanced under the habitual felony offender statute. We reverse and remand.

## I.    BACKGROUND

Saenz was indicted for the offense of taking a prohibited substance or item inside a correctional facility, and the indictment included enhancement paragraphs alleging that he had three prior felony convictions. *See id.* §§ 12.42(d), 38.11(d). Saenz pleaded guilty to the indictment, and true to the enhancements. Per the State's recommendation, the trial court placed Saenz on four years' deferred-adjudication community supervision.

The State filed a motion to revoke community supervision and to adjudicate guilt, and later, an amended motion to revoke and adjudicate. At the hearing on the State's amended motion, the State informed the trial court that it was abandoning two of the three enhancement paragraphs that Saenz pleaded true to. The State then said it was proceeding with a "Felony 2 range of punishment" and that it and the defense had agreed on a recommendation for punishment of eight years' imprisonment. *See id.* § 12.33(a) ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years."). Saenz proceeded to plead true to fifteen of the twenty allegations in the State's motion.

Based on the evidence presented and Saenz's pleas of true, the trial court found that Saenz violated the terms of his community supervision and adjudicated him guilty of the underlying offense. The trial court sentenced Saenz to twenty-five years'

2

imprisonment in accordance with the habitual felony offender statute. *See id.* § 12.42(d).

Neither party objected to the trial court's sentence. This appeal followed.

## II.    DISCUSSION

Saenz argues the trial court erred when it sentenced him to twenty-five years'

imprisonment because the sentence "was in excess of the agreed range of punishment

for a second[-]degree felony, . . . in violation of the Eighth and Fourteenth Amendments"

and "[§] 12.42(a) of the Texas Penal Code."[1] The State concedes that Saenz "was not

properly enhanced to Habitual Felony Offender status under § 12.42(d)" because it "failed

to prove that [Saenz's prior] offenses were committed and became final in the proper

sequence." *See id.* Both parties ask this Court to remand this case for a new sentencing

hearing, and both parties agree that the proper sentencing range is for that of a second-

degree felony. *See id.* § 12.42(a) (providing generally that, "if it is shown on the trial of a

felony of the third degree that the defendant has previously been finally convicted of a

felony other than a state jail felony punishable under [§] 12.35(a), on conviction the

defendant shall be punished for a felony of the second degree").

In light of the parties' agreement, we sustain Saenz's sole issue.[2]

---

[1] Saenz did not raise this issue in the trial court, but absent an express waiver, a criminal defendant has the right to have his punishment assessed in light of the correct range of punishment. *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). Nothing in the record shows that Saenz expressly waived these rights in this case.

[2] Saenz also argues that the trial court erred when it sentenced him to twenty-five years' imprisonment because (1) the sentence did not reflect his plea agreement with the State and (2) the sentence was excessive and disproportionate, violating the Eighth Amendment of the U.S. Constitution. *See* U.S. CONST. amend. VIII, XIV. Because we resolve Saenz's sole issue in his favor, we need not address these arguments. *See* TEX. R. APP. P. 47.1.

###### III.    Conclusion

We reverse the trial court's judgment and remand the cause to the trial court for a new punishment hearing consistent with this memorandum opinion.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
18th day of July, 2024.