**Opinion filed January 9, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00146-CR
_____

## TYE DE'ANGELO KENDRICK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-18-0696-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Tye De'Angelo Kendrick, pleaded guilty to the offense of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West Supp. 2024). Pursuant to the parties' negotiated plea agreement, the trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for ten years. The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke his community

supervision, which it later amended, alleging that Appellant violated certain terms and conditions of his community supervision. Following a hearing on the State's amended motion, the trial court found three of the seven violations alleged to be "true," adjudicated Appellant's guilt, and revoked his community supervision. The trial court sentenced Appellant to fourteen years' imprisonment and assessed $1,435.40 in court costs, $1,745 in reimbursement fees, and a $3,500 fine[1] against Appellant. The trial court did not conduct an ability-to-pay inquiry prior to its assessment of court costs and a fine.

In one issue, Appellant contends that the trial court erred when it assessed court costs and a fine without first inquiring on the record about Appellant's ability to pay said costs and fine as required by Article 42.15(a-1) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (West Supp. 2024). We affirm.

*The Ability-to-Pay Inquiry*

Article 42.15(a-1) reads, in pertinent part: "Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case . . . a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." *Id.*

Appellant argues that the trial court failed to conduct an on-the-record-inquiry into his ability to pay a fine and court costs at the time he was sentenced in accordance with Article 42.15(a-1). *See* CRIM. PROC. art. 42.15(a-1). The State contends that (1) the trial court did conduct an ability-to-pay inquiry—as shown on the original order of deferred adjudication—following Appellant's initial plea of guilty and that, at the time of his plea, Article 42.15(a-1) did not require the trial

---

[1]The trial court assessed the costs, fees, and fine as "previously assessed and unpaid amounts" from the original order of deferred adjudication.

2

court's inquiry to be on the record; (2) Article 42.15(a-1) does not apply to deferred adjudication and revocation proceedings; and (3) even if it did, the trial court was not required to conduct a second inquiry into Appellant's ability to immediately pay the previously assessed fine and costs.

We briefly address the State's contention that Article 42.15(a-1) does not apply to deferred adjudication and revocation proceedings. [State's Brief 22]. We find the argument unavailing as we, and several of our sister courts, have applied Article 42.15(a-1) to deferred adjudication and revocation proceedings. *See Jones v. State*, 691 S.W.3d 671, 679–80 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd) (applying Article 42.15(a-1)'s requirement in a deferred adjudication and revocation proceeding); *Florez v. State*, No. 11-23-00195-CR, 2024 WL 3817332, at *1 (Tex. App.—Eastland Aug. 15, 2024, no pet.) (mem. op., not designated for publication) (same); *Carter v. State*, No. 01-23-00739-CR, 2024 WL 3707829, at *8 (Tex. App.—Houston [1st Dist.] Aug. 8, 2024, no pet.) (mem. op., not designated for publication) (same); *Suniga v. State*, No. 13-23-00586-CR, 2024 WL 3307314, at *2 (Tex. App.—Corpus Christi–Edinburg July 5, 2024, no pet.) (mem. op., not designated for publication) (same); *Brode v. State*, No. 04-22-00802-CR, 2024 WL 1184460, at *2 (Tex. App.—San Antonio Mar. 20, 2024, no pet.) (mem. op., not designated for publication) (same).

Since the parties' briefing, the Texas Court of Criminal Appeals has determined whether the ability-to-pay inquiry pursuant to Article 42.15(a-1) is a forfeitable right, concluding that it is. *Cruz v. State*, 698 S.W.3d 265, 268–69, 271 (Tex. Crim. App. 2024) ("[*Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993)] sorted our error-preservation rules into three categories: (1) absolute requirements and prohibitions, (2) rights that must be implemented unless expressly waived, and (3) rights that are implemented upon request or else forfeited. . . . [The ability-to-pay inquiry] is a category-three right."). The *Cruz* court reasoned that because the

ability-to-pay inquiry is "not fundamental to the adjudicatory process," "[r]equiring an objection to enforce it would not undermine 'the public's perception of the fairness of our judicial system' or engender 'suspicions' about the system's 'fairness and accuracy.'" *Id.* at 269 (quoting *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014)). The court ultimately held that an appellant forfeits his or her right to an ability-to-pay inquiry by not timely objecting to the trial court's failure to do so at or near the time of sentencing. *Id.* at 271; *see also Fisher v. State*, No. 05-22-00848-CR, 2024 WL 4284616, at *3 (Tex. App.—Dallas Sept. 25, 2024, no pet. h.) (mem. op., not designated for publication) (observing "the recent decision by the Texas Court of Criminal Appeals that a defendant can forfeit his right to an on-record inquiry regarding his ability to pay court costs if he does not object during or at the conclusion of the sentencing trial"); *Upson v. State*, No. 07-24-00008-CR, 2024 WL 4206809, at *3 (Tex. App.—Amarillo Sept. 16, 2024, no pet. h.) (mem. op., not designated for publication) ("In the present case, [a]ppellant did not object to the trial court's failure to inquire, on the record, into [a]ppellant's present ability to pay court costs. . . . As such, we must conclude that [a]ppellant failed to preserve her objection to the trial court's failure to conduct an on-the-record inquiry into her present ability to pay court costs.").

"We are bound by the Texas Court of Criminal Appeals' holding in *Cruz*." *See, e.g.*, *Corley v. State*, No. 08-23-00318-CR, 2024 WL 4497982, at *9 (Tex. App.—El Paso Oct. 15, 2024, no pet. h.) (mem. op., not designated for publication) ([B]ecause [a]ppellant forfeited his right to an ability-to-pay inquiry on the record by failing to request a hearing, he failed to preserve error."); *Sikalasinh v. State*, No. 07-24-00018-CR, 2024 WL 4575121, at *5 (Tex. App.—Amarillo Oct. 24, 2024, no pet. h.) (mem. op., not designated for publication) ("We do not reach the merits of her [ability to pay] arguments, however, because the Texas Court of Criminal Appeals recently held that 'because the [ability-to-pay] inquiry is not

4

fundamental to the functioning of our adjudicatory system, [an appellant] forfeit[s] his complaint when he fail[s] to object in the trial court.'" (quoting *Upson*, 2024 WL 4206809, at \*2)).  It is undisputed that Appellant did not request an ability-to-pay inquiry or object to the lack of an inquiry on the record.  Consequently, Appellant has forfeited his complaint on appeal.  *See Cruz*, 698 S.W.3d at 271; *see also Washington v. State*, No. 13-24-00034-CR, 2024 WL 4707820, at \*7 (Tex. App.—Corpus Christi–Edinburg Nov. 7, 2024, no pet. h.) (mem. op., not designated for publication) ("[The appellant] did not object below to the trial court's failure to conduct an ability-to-pay inquiry prior to its assessment of these costs.  Accordingly, he has forfeited his right to complaint on appeal of the court's failure to conduct this inquiry.").  We overrule Appellant's sole issue.[2]

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


January 9, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]Because we hold that Appellant forfeited his right to complain on appeal about the trial court's failure to conduct the ability-to-pay inquiry, we do not address the State's remaining arguments.  *See* TEX. R. APP. P. 47.1.