

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00265-CR

HERMAN BRENT BROOKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 22-05-10224; Honorable Pat Phelan, Presiding

March 14, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Herman Brent Brooks, appeals from his conviction for tampering with or fabricating physical evidence[1] and his 45-year prison sentence. For the reasons explained below, we affirm Appellant's conviction but reverse the judgment and remand for a new sentencing hearing.

---

[1] *See* TEX. PENAL CODE ANN. § 37.09(a),(c).

**Background**

According to testimony at trial, Levelland Police Department Captain Mateo Lopez stopped Appellant's vehicle on November 7, 2021, for a defective tail lamp. As Lopez approached the vehicle's passenger window, he saw Appellant "manipulating" a syringe in his right hand while reaching toward the glove compartment. After Lopez tapped on the window, Appellant lowered it and placed the empty syringe on the passenger seat at Lopez's request.

During their conversation about the traffic stop, Lopez noticed Appellant "manipulating" something in his mouth. When Appellant opened his mouth at Lopez's direction, Lopez observed a package that, based on his training and experience, led the officer to believe contained narcotics. Appellant admitted the package contained "dope." Evidence at trial established the substance was methamphetamine.

A May 2022 indictment alleged Appellant concealed the methamphetamine to impair its availability as evidence while knowing an investigation was in progress. The indictment included two enhancement paragraphs: a 2006 aggravated assault conviction and a 2015 conviction for "Manufacture or Delivery of Controlled Substance in Drug Free Zone."

A jury convicted Appellant of the charged offense. The trial court found both enhancement paragraphs true, applied the habitual offender provision under Penal Code section 12.42(d), and sentenced Appellant to 45 years in prison. This appeal followed.

**Procedural Matter**

After the record was received and the parties submitted briefs, but before the Court's announcement of a decision, the Court received the parties' "Motion to Dismiss Appeal Upon Remand to Trial Court for Plea of Guilty and New Sentencing Hearing." The motion announces that Appellant agrees to waive the first issue on appeal and the State will concede error on the second issue. Further, it states, "Appellant agrees to plead guilty, and the State agrees to make a sentencing recommendation of fifteen (15) years in the Texas Department of Corrections upon remand."

The motion is denied because the relief requested exceeds the scope of Appellate Rule 42.2(a) (authorizing voluntary dismissal of appeals in criminal law cases before decision). TEX. R. APP. P. 42.2(a).

**Analysis**

**Sufficiency of the Evidence**

Appellant first argues the State failed to prove he knew he was under investigation when he placed the contraband in his mouth and failed to prove concealment as alleged in the indictment. When reviewing evidence for sufficiency, we view the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found each essential element beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 320, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 896 (Tex. Crim. App. 2010). The jury judges witness credibility and may draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319. We defer to the jury's determinations of credibility and weight. *Brooks,* 323 S.W.3d at 894.

3

A person commits tampering with physical evidence if, knowing an investigation is pending, he "alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in an investigation." TEX. PENAL CODE ANN. § 37.09. Though the jury charge did not define "conceal," it instructed jurors to give undefined terms their common meanings. To conceal means "[t]o prevent disclosure or recognition of" or "to place out of sight." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 257 (11th ed. 2003). Captain Lopez told the jury that concealing means "you hide it . . . for one second or . . . 30 minutes," with intent to prevent it "from being discovered or seen."

Under the proper standard of review, the evidence showed Appellant knew an official investigation was in progress when he complied with Lopez's traffic stop and kept methamphetamine hidden in his mouth. By keeping the contraband in his mouth and out of sight during the traffic investigation, Appellant prevented its disclosure. The jury could reasonably find, beyond a reasonable doubt, that Appellant tampered with physical evidence by concealing the methamphetamine to impair its availability as evidence.

Appellant's first issue is overruled. Given this disposition, we need not address his claim that the evidence supported only an attempt. *See* TEX. R. APP. P. 47.1.

**Sentencing Error**

Appellant next contends the trial court erred in enhancing his punishment under section 12.42(d) because his 2015 conviction for possession of a controlled substance

4

with intent to deliver was a state jail felony under Penal Code section 12.35(a) and thus ineligible for enhancement purposes under section 12.42(d).[2]

Tampering with evidence is a third-degree felony carrying a maximum 10-year sentence of confinement.  TEX. PENAL CODE ANN. §§ 12.34(a), 37.09(c).  With evidence of two prior final felony convictions, punishment may be enhanced to imprisonment for life or 25–99 years.  *Id.* at § 12.42(d).

At the punishment phase, Appellant pleaded "not true" to both enhancement paragraphs.  The State's only proof of the 2015 conviction was a pen packet containing a January 5, 2015 judgment showing Appellant's conviction for possession with intent to deliver was a state jail felony.  Section 12.42(d) explicitly provides that "[a] previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection."  Thus, no evidence supported enhancement under section 12.42(d).

The State concedes this sentencing error requires remand for a new sentencing hearing.  We sustain Appellant's second issue.

---

[2] Appellant did not raise his sentencing-error complaint in the trial court.  We conclude, however, the issue may be first urged on appeal as a *Marin* category-two right.  *See Grado v. State,* 445 S.W.3d 736, 741 (Tex. Crim. App. 2014); *Marin v. State,* 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993)*, overruled on other grounds by Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

## Conclusion

We affirm Appellant's conviction for the charged offense. We reverse the judgment and remand the case for a new punishment hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b).

Lawrence M. Doss
Justice

Do not publish.