In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00215-CR**
_____

**DANIEL KENNETH MEEK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Court at Law No. 4
Montgomery County, Texas
Trial Cause No. 23-374989

## OPINION

Daniel Kenneth Meek was charged by information with the offense of assault causing bodily injury against a family member. Meek pleaded not guilty, but a jury found him guilty of assault causing bodily injury family violence. The trial court made an affirmative finding of family violence. After hearing additional evidence, the jury assessed punishment at sixty days of confinement in the county jail.

In one issue on appeal, Meek complains that he was denied his right to a fair trial and his presumption of innocence by the State's use of the term "victim" to refer

1

to the complainant. He complains that the use of the word "victim" rose to the level of a constitutional error by violating his Due Process rights, which requires harmless error review. Because Meek failed to preserve this issue for our review, we affirm.

Francisco Saavedra, an investigator assigned to the Domestic Violence Division of the Montgomery County District Attorney's Office, testified on direct examination regarding why domestic violence victims may fail to appear at trial, even when served with a subpoena. The prosecutor then asked Saavedra why the State may "not want to enforce" a subpoena with a writ of attachment and the following exchange occurred:

> [Saavedra:] Well, again, there are victims; and we try to appeal to their senses and try to -- just let them know that, look, we're here to advocate for you guys, not against you, not trying to force them. It is a delicate issue. Obviously we are cognizant to the fact that, again, they are victims. There was a traumatic event that happened in their lives, and that's why we're here.

> [Defense counsel:] I'm going to object. She's a complaining witness. It hasn't been ascertained if she's the victim of a crime.

> [Trial court:] Okay. So the law uses the term "victim." I think it's appropriate. Your objection is overruled.

The State and its witnesses used the term "victim," both generally and in reference to the complainant throughout the trial. Meek made no other objection to the use of the word "victim" during the trial.

To preserve a complaint for appeal, a party generally must make a timely, specific objection to the alleged error and obtain a ruling. Tex. R. App. P. 33.1(a);

2

*Pena v. State*, 285 S.W.3d 459, 463-64 (Tex. Crim. App. 2009). A party must renew his objection each time the alleged improper statement is made. *See Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999) (holding appellant waived complaint about trial court's explanation of reasonable doubt standard during voir dire when he failed to renew his objection after the trial court repeated its explanation of reasonable doubt). A point of error on appeal must also match the objection made. *Clark v. State*, 365 S.W.3d 333, 339-40 (Tex. Crim. App. 2012) (noting that the record did not show the trial court understood appellant's evidentiary objections to be a constitutional due process complaint and due process complaint was forfeited). Consequently, "'[a]n objection stating one legal theory [at trial] may not be used to support a different legal theory on appeal.'" *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (quoting *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990)) (other citations omitted).

However, the objection requirement is not absolute. *See Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). Whether an objection is necessary is determined by which of three categories the defendant's right falls into:

• The first category of rights are those that are "widely considered so fundamental to the proper functioning of our adjudicatory process . . . that they cannot be forfeited . . . by inaction alone." These are considered "absolute rights."

• The second category of rights is comprised of rights that are "not forfeitable"—they cannot be surrendered by mere inaction, but are "waivable" if the waiver is affirmatively, plainly, freely, and

3

intelligently made. The trial judge has an independent duty to implement these rights absent any request unless there is an effective express waiver.

• Finally, the third category of rights are "forfeitable" and must be requested by the litigant. Many rights of the criminal defendant, including some constitutional rights, are in this category and can be forfeited by inaction.

*Id.* (alteration in original) (footnotes omitted) (quoting *Marin v. State*, 851 S.W.2d 275, 278-80 (Tex. Crim. App. 1993)). "Rule 33.1's preservation requirements do not apply to rights falling within the first two categories." *Id.* "Barring these two narrow exceptions, all errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial." *Id.*

To the extent Meek tries to raise a constitutional complaint on appeal that he was denied a fair trial and the presumption of innocence by the use of the word "victim" to refer to the complainant, we conclude such a complaint is forfeitable and he has failed to preserve that complaint for our review. When the lone objection was made, the witness was testifying about victims of domestic violence, in general, and was not referring to the complainant as a victim. Meek's only objection to this testimony was that it had not yet been determined whether the complainant was a victim of a crime. The record does not show that the trial court understood Meek's objection to include a constitutional due process complaint. And the record shows that Meek failed to object each time the word "victim" was used, even when it was used specifically with respect to the complainant. Because Meek's complaint on

appeal varies from his trial objection, and because he failed to object each time the word "victim" was used, he has forfeited his complaint. *See* Tex. R. App. P. 33.1(a); *Clark*, 365 S.W.3d at 339-40; *Broxton*, 909 S.W.2d at 918; and *Fuentes*, 991 S.W.2d at 273.

We overrule Meek's sole issue and affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on January 2, 2026
Opinion Delivered March 25, 2026
Publish

Before Golemon, C.J., Johnson and Chambers, JJ.