

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00119-CR

JEFFREY HANSANA                                                      APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1317402D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jeffrey Hansana pleaded guilty, without a plea-bargain agreement, to the offense of murder as alleged in paragraph three of his indictment.[2]    The trial court accepted Hansana's plea and ordered the

---

[1]*See* Tex. R. App. P. 47.4.

[2]In exchange for Hansana's plea of guilty to paragraph three, the State agreed to waive paragraphs one and two, which alleged alternative manner and means of committing the offense of murder.

preparation of a presentence investigation report (PSI). After reviewing the PSI and hearing evidence during the sentencing hearing, the trial court found Hansana guilty of murder and sentenced him to fifty years' confinement. In two points, Hansana argues that the fifty-year sentence imposed by the trial court constitutes an abuse of discretion because it is grossly disproportionate under the Eighth Amendment and because it deprived him of due process of law under the Fourteenth Amendment. We will affirm.

Hansana did not object on either of the preceding grounds to his punishment when it was imposed, nor did he raise those grounds in a motion for new trial. We have held on numerous occasions that disproportionate-sentence claims must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that disproportionate-sentence claim was forfeited); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.) (same); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). Because Hansana did not raise his disproportionate-sentence claim in the trial court, it is forfeited.[3] We overrule Hansana's first point.

---

[3] Even if we were to reach the merits of Hansana's disproportionate-sentence complaint, his punishment is within the statutory limits for the offense.

2

Similarly, general due-process claims can be forfeited if a party fails to make a due-process objection or to indicate that he was deprived of his right to a fair trial. *Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012). Due process at a sentencing hearing, however, requires a neutral and detached hearing body or officer who does not arbitrarily refuse to consider the entire range of punishment or willfully impose a predetermined sentence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762 (1973); *Grado v. State*, 445 S.W.3d 736, 743 (Tex. Crim. App. 2014); *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A trial court's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process that cannot be procedurally defaulted. *Grado*, 445 S.W.3d at 743. Concerning the due-process requirement that a trial court imposing sentence must be neutral, absent a clear showing of bias, we presume the trial court's actions were correct. *Brumit*, 206 S.W.3d at 645.

Here, in support of his contention that he was deprived of due process at the sentencing hearing, Hansana points out his mental deficits and his intoxication by drugs and alcohol on the night he committed the offense. He

---

*See* Tex. Penal Code Ann. § 12.32 (West 2011) (providing that a first-degree felony is punishable by five to ninety-nine years or life in prison and by a fine of up to $10,000), § 19.02(c) (West 2011) (providing that murder is a first-degree felony). Punishment that is imposed within the statutory limits and based upon the sentencer's informed normative judgment is generally not subject to challenge for excessiveness except in "exceedingly rare" situations. *Kim*, 283 S.W.3d at 476 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).

3

articulates no explanation, however, for how these facts resulted in a due-process violation to him, nor does he point to any place in the record where any purported due-process violation occurred. Instead, Hansana seems to argue that the trial court failed to consider his low IQ along with his extreme intoxication on the night of the offense when it assessed Hansana's sentence at fifty years' confinement. The record before us does not establish that the trial court either arbitrarily failed to consider the entire range of punishment or willfully imposed a predetermined sentence. To the contrary, the record reflects that the trial court ordered a PSI, heard testimony from witnesses, and considered closing argument of counsel prior to sentencing Hansana. The record here indicates that the trial court *did* consider the full range of punishment because it imposed a fifty-year sentence—which is less than the ninety-nine years or life maximum punishment allowed for murder, did not willfully impose a predetermined sentence, and did not demonstrate bias. *See, e.g.*, *Gonzalez v. State*, No. 01-14-00861-CR, 2015 WL 9310903, at *2 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet.) (mem. op., not designated for publication) (holding that record indicated that trial court did consider full range of punishment because it imposed sixteen years' confinement, which is at the lower end of the punishment range for a first-degree felony); *Novosad v. State*, No. 13-14-00314-CR, 2015 WL 4610233, at *2 (Tex. App.—Corpus Christi July 2, 2015, no pet.) (mem. op., not designated for publication) (holding that record indicated that trial court did consider full range of punishment because it imposed a twenty-one-month

4

confinement, which was less than the two-year maximum punishment). Because Hansana did not assert a due process objection in the trial court and because the record does not clearly indicate a denial of Hansana's due-process rights, we overrule his second point.

Having overruled Hansana's two points, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 25, 2016

5