**Opinion issued December 6, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00002-CR

———————————

**SUCCESS IRHIRHI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Case No. 1905854**

---

## MEMORANDUM OPINION

Success Irhirhi appeals his conviction of misdemeanor assault on a family member, arguing that his conviction is based on inadmissible hearsay, in violation of his rights to confront witnesses against him under the constitutions of the United

States and of Texas, and that he received ineffective assistance of counsel at trial. We affirm.

## Background

On July 5, 2013, Irhirhi got into an argument with his girlfriend, Fatmata Sensie, at her home. The argument became physical, and Irhirhi punched Sensie in her face with a closed fist, causing her lip to bleed and causing pain. Sensie threatened to call the police, and Irhirhi left. Sensie called 911, asking for police to be dispatched to her home, and explained that her boyfriend had hit her and she was bleeding.

Deputy B. Frazier responded to the scene and interviewed Sensie. Sensie told him that Irhirhi had hit her during an argument. He observed blood running down her chin, on the floor of the "living room area," and on the floor of the bathroom where Sensie reported that the assault occurred. Frazier asked Sensie to call Irhirhi on his mobile phone, which she did. Frazier then asked Irhirhi to return to the scene.

When Irhirhi returned to the scene, he provided his identification to Deputy Frazier and stated that he had argued verbally with Sensie, but he denied committing physical violence. Both Sensie and Irhirhi stated that they were the only individuals at the home at the time of the assault. Based on these facts and the physical evidence that he observed, Deputy Frazier called the district attorney's

2

office and arrested Irhirhi. He also asked Sensie if she needed medical treatment, but she refused treatment.

At trial, the only witnesses were Deputy Frazier and Irhirhi; Sensie did not testify. Frazier testified that he responded to the scene, where he encountered Sensie and identified her based on her driver's license. Sensie told him that she had argued with Irhirhi at her home, that Irhirhi had left, and she called him back to retrieve some of his personal items. When Irhirhi returned, they argued again, and Sensie stated that she wanted to end the relationship. According to Frazier, Sensie "said she went into her master bedroom to get away from [Irhirhi], and that's when he forced his way into the room where she was" and hit her with a closed fist, causing pain and "what appeared to be a laceration on the inside of her lower lip." Frazier further testified that Sensie said she fell to the floor and threatened to call the police, at which point Irhirhi left the home. Frazier testified that Sensie was "very upset" and crying while relating her story. She was still bleeding at the time, using a towel to wipe her chin, but the blood intermittently ran down her chin and had dripped on the floor in several places.

Frazier also testified that he asked Sensie to call Irhirhi and ask him to return to the scene. Irhirhi returned, and Frazier identified him using his driver's license. Irhirhi admitted to arguing with Sensie, but denied using physical violence. After

calling the district attorney's office, Frazier arrested Irhirhi. He also identified Irhirhi at trial.

Irhirhi testified that Sensie was his girlfriend, and they lived in separate residences. According to Irhirhi, they argued because Sensie was preparing to travel to another state for educational reasons and wanted to get married, but Irhirhi discovered photos of her and another man. He conceded that they argued, but denied any physical violence.

The State also introduced the recording of Sensie's 911 call into evidence and played it for the jury. In the call, Sensie identifies herself, states that her boyfriend hit her, states his name, states that he does not live with her, and states that she is bleeding.

Irhirhi's counsel attempted, both in questioning the witnesses and in argument, to develop several theories of the case for the jury. In particular, he suggested to the venire panel and argued in closing argument to the jury that Sensie should have testified, though he did not raise any formal objection on this issue for consideration by the trial court. He also repeatedly questioned whether Sensie's lip really had a laceration, given that any laceration was obscured by blood, and whether the blood was actually blood, as opposed to ketchup or some other "red pigment." Finally, he attempted to develop a theme that Irhirhi and Sensie were romantically involved, but were not living together. Although

4

cohabitation is not an element of the offense with which Irhirhi was charged, Frazier had testified that Sensie had identified her assailant as "her present, live-in boyfriend." *See* TEX. PENAL CODE ANN. § 22.01(a)–(b) (West 2015) (defining assault on person in dating relationship); TEX. FAM. CODE ANN. § 71.0021 (defining "dating violence" without requiring cohabitation). Counsel apparently hoped to contradict this testimony and thus to undermine Frazier's credibility with respect to his interview of Sensie.

Irhirhi's counsel did not object or make any motions regarding Irhirhi's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution or hearsay testimony by Deputy Frazier, though he did raise numerous other objections during the course of the trial and related proceedings. For example, he objected to the introduction of Sensie's driver's license photo, arguing that the entire license should be shown, and a photo of the back of Sensie's home, arguing that the photo was irrelevant. He also objected to the booking photo of Irhirhi on the grounds that he did not have previous knowledge of that photo, though he had not filed any discovery motions before trial. He further objected on unspecified grounds when the State asked Irhirhi, on cross-examination, whether Irhirhi was claiming that Frazier had given false testimony.

After the State had presented its case in chief, Irhirhi moved for a directed verdict, citing two reasons. First, his counsel argued as follows:

Generally because first of all—I will like to cross-examine somebody, but I don't have the complaining witness to cross-examine. That's one [reason]. In other words, the State has not met its burden as far as producing the witness is concerned.

Second, counsel argued that the State had "failed to connect [Irhirhi] to the incident" and had introduced no evidence of a domestic relationship or an assault. The trial court overruled the motion.

The jury convicted Irhirhi of assault on a family member, a class A misdemeanor. Irhirhi elected to have punishment assessed by the trial court, which sentenced him to one year's confinement in the Harris County jail, suspended for eighteen months, and placed Irhirhi under community supervision. He now appeals.

## Discussion

### I.    Confrontation Clause

In his first issue, Irhirhi argues that the trial court's admission of hearsay in Frazier's testimony violated Irhirhi's right to confront witnesses against him under the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution. He also argues that the admission of Frazier's testimony was improper under Section 1.051 of the Texas Code of Criminal Procedure.

In general, an appellant must preserve error before he can complain of it on appeal. TEX. R. APP. P. 33.1. To preserve error, the record must show that the appellant timely and clearly made the complaint to the trial court and the trial court

either ruled on the request, objection, or motion, or refused to do so. *Id.* Certain rights are considered either "absolute" or "not forfeitable" and cannot be waived. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). All other rights, including some constitutional rights, can be waived by a party's failure to preserve error via contemporaneous objection. *Id.*

To complain of a Confrontation Clause objection on appeal, a party must object in the trial court to the ruling disallowing that testimony. *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). Neither a relevance objection nor a hearsay objection is sufficient to preserve a Confrontation Clause challenge. *See Reyna v. State*, 168 S.W.3d 173, 179 & n.29 (Tex. Crim. App. 2005) (holding that hearsay argument for admission of evidence did not preserve Confrontation Clause challenge on appeal; argument could have referred either to Rules of Evidence or Confrontation Clause, but failed to identify Confrontation Clause as basis and thus did not put trial court on notice of issue) (citing *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004)).

Irhirhi concedes that his trial counsel did not make a Confrontation Clause objection or even a hearsay objection. Having reviewed the record, we agree that there is no objection in the record sufficient to put the trial court on notice of any Confrontation Clause complaint. We therefore hold that Irhirhi has waived that issue for appeal. *See id.*

Similarly, Irhirhi has waived his arguments regarding the Texas Constitution and Code of Criminal Procedure. As with the federal constitution, such arguments can be waived. *Hall v. State*, No. 01-05-00919-CR, 2006 WL 1653828, at *2 (Tex. App.—Houston [1st Dist.] June 15, 2006, pet. ref'd) (mem. op., not designated for publication); *see also Loya v. State*, No. 08-12-00315-CR, 2014 WL 4536546, at *2 (Tex. App.—El Paso Sept. 12, 2014, no pet.) (not designated for publication) (citing *Lagrone v. State*, 942 S.W.2d 602, 612 (Tex. Crim. App. 1997) (refusing to address arguments under state constitution when appellant failed to show that Texas Constitution provides broader protection than United States Constitution)). Moreover, if an appellant asserts a violation of his rights to confront witnesses under both the state and federal constitutions, he must provide "separate substantive analysis showing that Article I, Section 10 of the Texas Constitution affords greater protection than the United States Constitution." *Loya*, 2014 WL 4536546, at *2. Because Irhirhi neither preserved his arguments regarding the Texas Constitution or Code of Criminal Procedure in the trial court nor briefed them on appeal, he has waived them. *See* TEX. R. APP. P. 33.1, 38.1(i); *Loya*, 2014 WL 4536546, at *2; *Hall*, 2006 WL 1653828, at *2.

Accordingly, we hold that Irhirhi has waived his first issue for appeal.

## II.    Ineffective assistance of counsel

In his second issue, Irhirhi argues that his trial court counsel rendered ineffective assistance by failing to raise a Confrontation Clause objection in the trial court.  He therefore asks that we reverse his conviction and remand for a new trial.

Irhirhi identifies several aspects of his trial which he contends demonstrate ineffective assistance.  Most significantly, he argues that a lawyer's failure to object to "clear hearsay and a clear violation of the Confrontation Clause" constitutes "ineffective assistance for which there can be no trial strategy." According to Irhirhi, trial counsel failed to object not "because he strategically *chose* not to" but "because he didn't know he was *supposed* to" and did not know the relevant law.  He also contends that he was "given no defense," "[v]ery little cross examination was done," "[m]inimal objections were made," counsel's closing argument was "weak" and of short duration, closing argument was inconsistent with Irhirhi's own testimony, and "the motion for directed verdict was made using an incorrect legal standard."  He further attacks alleged defects in the form and substance of the trial court's questioning, such as points in the record when both trial counsel and Irhirhi attempted to talk at the same time.

Irhirhi's trial counsel pursued a strategy of attempting to create a reasonable doubt about various elements of the crime of assault on a family member.  He

focused much of his questioning of Deputy Frazier, as well as much of his argument to the jury, on creating doubt as to whether Irhirhi hit Sensie. Specifically, he questioned whether Sensie had a cut in her mouth and attempted to raise doubt as to the nature of the red fluid in Sensie's mouth and on the floor of her home. He also highlighted Sensie's refusal of medical treatment, suggesting that she may not have been injured at all. In line with this theory of the case, counsel called Irhirhi himself, who testified that he did not engage in any physical violence against Sensie on the day in question. Counsel highlighted Sensie's absence for both the venire panel and the empaneled jury, suggesting that testimony by Irhirhi, as the only witness who was present at the time of the alleged assault, should be given more credibility than Frazier's testimony.

In concluding his argument to the jury, trial counsel asked,

> Why is the complaining witness not here? She knew enough to call to make the 911 call where she was asked if she needed medical attention. She said, "No, I just want cops." She called twice. She wrote "this" statement, and she's not here. Why is she not here? Why couldn't the State get her here? That should really, really, really bother you. Could there be motive? I don't know. I will let you make that decision.

He then called attention to additional instances of what he characterized as gaps in the evidence. In particular, he suggested that the jury had not seen the laceration on Sensie's lip or blood, although the jury did see pictures of Sensie's lip taken by Frazier during his investigation. Counsel also argued, "We have not seen . . . the

10

tissue paper or napkins which she was supposedly using" to staunch the flow of blood. He concluded by arguing that the jury had "no other way to rule" than to acquit Irhirhi due to a lack of evidence.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) a reasonable probability exists that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). A defendant has the burden to establish both prongs by a preponderance of the evidence; a failure to show either defeats his ineffectiveness claim. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (rejecting ineffective assistance challenge for failure to show prejudice without first addressing attorney's performance). The record must firmly support a claim of ineffective assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To meet *Strickland's* second prong, Irhirhi must show a reasonable probability that the result of the trial would have been different but for his counsel's allegedly deficient performance. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Andrews*, 159 S.W.3d at 101–02. He has not done so. First of all, Officer Frazier overheard Sensie describing to someone else on the phone that "he

11

punched me in the lip." Statements made to a third party do not implicate the Confrontation Clause because they are neither testimonial in nature nor have the primary purpose of seeking criminal prosecution. *See Davis v. Washington*, 547 U.S. 813, 822, 126 S. Ct. 2266, 2273–74 (2006).

Even if trial counsel had objected to Sensie's hearsay statements based on the Confrontation Clause and the trial court sustained that objection as to some of the statements, the jury would nonetheless have heard the recorded 911 call that Sensie made describing the altercation in her effort to seek police assistance. *See Davis*, 547 U.S. at 828, 126 S. Ct. at 2277 (holding that Confrontation Clause objection to 911 call made to request police assistance to meet an emergency was properly overruled). On the call, Sensie identified Irhirhi as her boyfriend by name and reported that he had punched her in her face and her mouth was bleeding. The jury would have heard the officer's physical observations of Sensie's appearance and demeanor, including the blood on her face and chin and the bedroom floor, and the statements that Irhirhi made conceding that the parties had argued but denying the assault. The jury also would have seen photographs of Sensie bleeding from her lip on the night of the assault. Irhirhi has not demonstrated that objections based on the Confrontation Clause would have overcome the other evidence supporting the conviction.

In his appellate brief, Irhirhi does not expressly challenge the admission of the 911 call as violative of the Confrontation Clause. Relying on *Vinson v. State*, he contends that the admission of Sensie's answers to the Officer Frazier's interrogation were testimonial answers given as part of his investigation; thus, he contends, they were admitted in violation of the Confrontation Clause. *See* 252 S.W.3d 336, 341 (Tex. Crim. App. 2008). In *Vinson*, the Court of Criminal Appeals held that statements obtained from the complaining witnesses of a detailed account of the assault while the defendant was handcuffed in a police car were testimonial in nature and therefore inadmissible under the Confrontation Clause in the absence of the complaining witness's availability to testify at trial and be cross-examined. *Id.* at 341–42. In *Vinson*, however, the Court noted that the violative statements were not a response to an ongoing emergency and not testimonial in nature; it allowed identification made in the 911 call as responsive to an ongoing emergency. Because Irhirhi does not challenge the admission of the 911 call, and the officer's testimony is cumulative of Sensie's statements in that call, we hold that Irhirhi has not established that the outcome of the trial would have been different had a Confrontation Clause objection been made and sustained by the trial court.

Irhirhi does not brief his remaining contentions regarding ineffective assistance, and they lack support in the record. While Irhirhi contends that trial

counsel's cross-examination, closing argument, and motion for directed verdict were deficient, he does not indicate what fell below reasonably professional assistance and what affect any such error had on the outcome of the trial. We hold that he has failed to satisfy either prong of *Strickland* with respect to these complaints.

Because Irhirhi has not demonstrated the existence of a reasonable probability that the verdict would have been different absent any ineffective assistance by counsel, we overrule his second issue.

## Conclusion

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

14