**AFFIRMED and Opinion Filed October 29, 2019**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01551-CR

**GARY DON BLOYS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1730450-P**

## MEMORANDUM OPINION

Before Justices Burns, Whitehill, and Schenck
Opinion by Justice Whitehill

Appellant pled guilty to sexual assault of his underage cousin in an open plea and the court assessed punishment at twenty years imprisonment. In a single issue, appellant now argues that the court violated his right to due process by considering evidence outside the record in imposing his sentence. Because the record does not affirmatively demonstrate that the judge considered evidence outside the record in imposing appellant's sentence, we affirm the trial court's judgment.

## I. BACKGROUND

In an open plea appellant pled guilty to sexual assault of a child. He also signed a written judicial confession that was filed with the court. The court conducted a punishment hearing at which appellant and several of the victim's family members testified. The complainant did not testify.

Prior to arraignment, the trial judge said:

Okay. Let the record reflect that the Court has not heard any facts about this case at all except for the police report, and also, that I have not made any decisions prior to this hearing.[1]

Appellant's counsel made no objection.

Appellant testified that he was sexually abused as a child and he knew what he did was wrong. He acknowledged that sex between a man of his age and a fourteen year old child is not appropriate under any circumstances. Prior to the offense, appellant provided the victim with drugs and "allowed her" to steal. After the offense, even though he could see that the victim was struggling, he continued to visit her family at her home until he was told that he was no longer welcome. Appellant requested that the court give him probation.

When the hearing concluded, the judge said:

Mr. Bloys, you stole the right of the 14-year-old girl to decide for herself when it was right and when she desired to have sexual contact with someone. You stole that from her. You not only stole that from her, you groomed her in a way to get her to succumb to your evil. You took advantage of her father and her family by going to their home even after you committed the offense. This Court is disgusted.

It's not [Complainant] versus Gary Don Bloys. It's the State of Texas versus Gary Don Bloys. So I have to consider the entire society when I sentence you today. So I am sentencing you to the [sic] 20 years' confinement . . . .

Appellant's counsel did not object. The court signed a final judgment. (CR 58).

Appellant subsequently filed a motion for new trial, but the motion did not raise the issue he now argues on appeal.

## II. ANALYSIS

As noted above, appellant did not object to the trial court's comments or to the sentence. With the exception of those rights involving systemic requirements or rights that are non-forfeitable but may be affirmatively waived, all appellate complaints, whether constitutional, statutory, or otherwise are forfeited absent a timely request for relief in the trial court. *See* TEX.

---

[1] The police report is not in our record.

R. APP. P. 33.1; *see also Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Appellant maintains that he was deprived of a fair and impartial trial but does not argue that he was not required to preserve this right or cite to any authority that the court's consideration of evidence outside the record violates a right so fundamental to the functioning of our adjudicatory process that it does not need to be preserved. But even if we assume that preservation was not required, the record does not reflect that the court considered improper evidence or that appellant was denied due process of law.

Due process requires trial judges to be neutral and detached in assessing punishment. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). According to appellant, the record shows the trial judge was not neutral because the judge considered the police report, which was evidence outside of the record. Appellant does not explain why considering evidence outside of the record would suggest the trial judge was not a neutral and detached officer.

A trial judge has wide discretion in determining punishment. *See Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). In exercising this discretion, however, the trial judge must remain impartial. *Id*. Exercising the ability to disregard extraneous information and render a decision upon the record is one of the skills expected of the judiciary. *See Liteky v. U.S.*, 510 U.S. 540, 562 (1994) (Kennedy, J., concurring).

Because judges, "if faithful to their oath, approach every aspect of each case with a neutral and objective disposition," they enjoy a presumption of impartiality. *See id.* The term "bias" does not encompass "all unfavorable rulings towards an individual or her case." *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd). Rather, "bias" connotes "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is underserved . . . rests upon knowledge that the subject ought not to possess . . .

–3–

or . . . is excessive in degree." *Id.* (quoting *Liteky*, 510 U.S. at 550). And absent a clear contrary showing, a reviewing court will presume that the trial court was neutral and detached. *Jaenicke v. State*, 109 S.W.3d 793, 796–97 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

Here, our review of the entire record reveals nothing indicating that the judge, in taking the actions she did, became an advocate for the State or did not consider the full range of punishment.

We disagree that the judge's comments demonstrate that she considered evidence outside the record. The court's reference to the police report was made before arraignment where she also made clear that she had not made any decisions about the case. Nothing indicates that the court subsequently relied on the report in assessing appellant's punishment after she heard the evidence.

Moreover, nothing in the record suggests either prejudice or an improper sentence. That the judge expressed disgust with the crime and appellant's later actions appears to be in direct response to appellant's testimony.

A trial judge is given wide latitude to determine the appropriate sentence in a given case. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015). As a general rule, a penalty assessed within the proper punishment range, as it is here, will not be disturbed on appeal. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

Because the record does not reflect that the court considered the police report in assessing punishment or otherwise denied appellant due process of law, we resolve appellant's sole issue against him and  affirm the trial court's judgment.


/Bill Whitehill/
BILL WHITEHILL
Do Not Publish                JUSTICE
TEX. R. APP. P. 47
181551F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARY DON BLOYS, Appellant

No. 05-18-01551-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1730450-P.
Opinion delivered by Justice Whitehill.
Justices Burns and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 29, 2019