**AFFIRMED IN PART; REVERSED AND REMANDED IN PART; Opinion Filed December 5, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01401-CR
No. 05-18-01402-CR
No. 05-18-01403-CR

**MICHAEL LEE BROOKS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-56811-Q, F16-56812-Q, F16-56813-Q**

## MEMORANDUM OPINION

Before Justices Bridges, Whitehill, and Schenck
Opinion by Justice Schenck

Michael Lee Brooks appeals his three convictions for possession with intent to deliver

controlled substances. In the first two cases, we affirm the trial court's judgments. In the third

case, we modify the trial court's judgment to reflect appellant was convicted of a felony of the

second degree, and we reverse the trial court's judgment pertaining to the punishment and remand

this cause to the trial court for a new punishment hearing. Because all issues are settled in law, we

issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

In cause number 05-18-01401-CR, appellant was indicted for the first-degree felony of

possession with intent to deliver methamphetamine in an amount of four grams or more but less

than 200 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). In cause number 05-18-01402-CR, appellant was indicted for the first-degree felony of possession with intent to deliver heroin in an amount of four grams or more but less than 200 grams. *Id.* § 481.112(d). In cause number 05-18-01403-CR, appellant was indicted for the second-degree felony of possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams. *Id.* § 481.112(c). Each indictment also included an enhancement paragraph alleging a prior felony offense of possession with intent to deliver a controlled substance.

In a single proceeding in 2016, appellant pleaded guilty to the three charged offenses, judicially confessed to having committed the offenses, and pleaded true to the enhancement paragraph contained in each indictment. The trial court accepted appellant's pleas and placed him on deferred adjudication community supervision for a period of eight years in each case. In 2018, the State moved to revoke the probations and proceed with adjudication of guilt in each case. Appellant entered open pleas of true to the State's allegations in its motions to revoke. In each case, the trial court accepted appellant's pleas of true, revoked his community supervision, adjudicated him guilty, and sentenced him to twenty years' confinement in each case, to be served concurrently. The trial court certified appellant's right to appeal in each case,[1] and he timely filed his notices of appeal.

## DISCUSSION

### I. Cause Numbers 05-18-01401-CR & 05-18-01402-CR

Appellant's counsel filed *Anders* briefs in the possession with intent to deliver methamphetamine and heroin cases.

---

[1] The original certifications of appellant's right to appeal failed to indicate the cases were not plea-bargain cases and that appellant had a right to appeal. After receiving notices from this Court, the trial court filed corrected certifications indicating the three cases were not plea-bargain cases and that appellant had the right to appeal.

In the methamphetamine and heroin cases, appellant's attorney filed motions to withdraw supported by briefs in which he concludes the appeals are wholly frivolous and without merit. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967). The briefs present a professional evaluation of each record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the briefs to appellant. We advised appellant of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel). Appellant filed motions requesting an extension of time to file his briefs, which this Court granted, but appellant filed no response to the *Anders* briefs.

We have reviewed the record and counsel's briefs. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeals of the possession with the intent to deliver methamphetamine and heroin cases are frivolous and without merit. We find nothing in the records that might arguably support the appeals. We therefore grant counsel's motions to withdraw in these cases.

## II.     *Cause Number 05-18-01403-CR*

In the possession with the intent to deliver cocaine case, appellant raises a single issue arguing the trial court mistakenly admonished appellant in the motion to revoke hearing that the range of punishment in this case was 15 to 99 years and a fine of up to $10,000 when the actual range of punishment was 5 to 99 years. He contends this erroneous admonishment indicates the trial court improperly failed to consider the whole range of punishment such that the case should be reversed and remanded for a new punishment hearing.

Appellant was indicted and judicially confessed to the offense of the second-degree felony of possession with intent to deliver cocaine in an amount of four grams or more but less than 200

–3–

grams. *See* HEALTH & SAFETY § 481.112(c). The enhancement paragraph to which he pleaded true raised the punishment range for this offense from a second-degree felony to a first-degree felony, with a minimum punishment of five years' confinement. *See* TEX. PENAL CODE ANN. § 12.42(b). That same enhancement paragraph raised the minimum punishment for the methamphetamine and heroin cases from five to 15 years. *See id.* § 12.42(c)(1).

Appellant complains the following exchange indicates the trial court mistakenly believed the minimum punishment in the cocaine case to be fifteen years:

> THE COURT: Mr. Brooks, back on December 2nd of 2016, you entered pleas of guilty to each of these cases, which are all first-degree manufacturing or delivering a controlled substance case, as well as a plea of true to one enhancement paragraph.
>
> And at that time, the Court accepted your pleas of guilty and true, found the evidence sufficient to prove your guilt, however, deferred a finding of your guilt and instead placed you on community supervision.
>
> And at that time, you were given a copy of the terms and conditions of your community supervision. Is that true and correct to the best of your recollection?
>
> APPELLANT: Yes, ma'am.
>
> THE COURT: Well, you're here today because the State has filed motions to find you guilty in each of these offenses and to take away your community supervision. It is my understanding that you intend to plead true to the allegations in the State's motion, and you understand that the Court has a few options.
>
> We could continue you on community supervision, possibly modify your conditions, or the Court could find you guilty and sentence you to a term in prison, not less than 15 years nor more than life, and fines not to exceed $10,000. Do you understand that?
>
> APPELLANT: Yes, ma'am.
>
> THE COURT: You understand that there is no guarantee as to what the outcome might be?
>
> APPELLANT: Yes, ma'am.
>
> THE COURT: And I'm assuming that the State has given you a plea offer?
>
> PROSECUTOR: We offered 15.

–4–

THE COURT: Which is the minimum sentence and we're here doing the open plea. I'm assuming you're hoping that the Court will continue you on community supervision?

APPELLANT: Yes, ma'am.

THE COURT: Okay. But you understand there's no guarantee that that might happen?

APPELLANT: Yes, ma'am.

THE COURT: All right. Please present the State's motions.

Appellant argues it is "certain . . . that the judge thought all the cases were the same."

The State responds the record is not clear that the judge mistakenly believed the minimum sentence in the cocaine case was 15 years. Instead, the State argues, the judge was discussing all three cases together and the minimum sentence appellant would serve with the three cases running concurrently would be 15 years.

We disagree with the State's interpretation of the record. In particular, we note the trial judge's statement that appellant "entered pleas of guilty to each of these cases, ***which are all first-degree manufacturing or delivering a controlled substance case***, as well as a plea of true to one enhancement paragraph." (emphasis added). We conclude the record shows the trial court mistakenly believed the punishment range in the cocaine case was 15 to 99 years.

In light of this conclusion, we are required to conduct a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 44.2(b). That is, we must disregard the error if it did not affect appellant's substantial rights. *See id.* Reversal is required for non-constitutional error if we have grave doubt that the result of the proceeding was free from the substantial effect of the error. *See Barshaw v. State*, 342 S.W.3d 91, 94 (Tex. Crim. App. 2011). "Grave doubt" means that "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *See id.*

The court of criminal appeals has held that the unfettered right to be sentenced by a sentencing judge who properly considers the entire range of punishment is a substantive right necessary to effectuate the proper functioning of our criminal justice system. *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). Further, this Court reversed a trial court's judgment and remanded the case for a new punishment hearing after concluding the trial court erred by not considering the full range of punishment. *See Frances v. State*, No. 05-14-00711-CR, 2015 WL 1859131, at *1–2 (Tex. App.—Dallas Apr. 22, 2015, no pet.) (mem. op., not designated for publication).

The State urges the record here shows no harm. The State argues the trial court discussed and considered all three cases together, such that it is unlikely the trial court would have sentenced appellant to a lighter sentence in the cocaine case than in the methamphetamine and heroin cases. The State also asserts the sentences were well within the punishment range for each offense. The State points to exchanges during the hearing that indicate the trial court's doubt as to appellant's credibility and sincerity. Finally, the State argues that the record shows no harm because the trial court ordered the sentences to be served concurrently such that even if the trial court sentenced appellant to serve a lower sentence in the cocaine case, the minimum amount of years he would serve would be the twenty years he was sentenced to in the methamphetamine and heroin cases.

We disagree with the State's arguments. Given that the court of criminal appeals has held that the right to be sentenced by a sentencing judge who properly considers the entire range of punishment is a substantive right and in light of our standard of review under our rules of procedure, we conclude this error affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Grado*, 445 S.W.3d at 741. Accordingly, we reverse the trial court's judgment as to the punishment in the cocaine case and remand this case to the trial court for a new punishment hearing. *See Frances*, 2015 WL 1859131, at *1–2.

## MODIFICATION OF JUDGMENT

The State raises one cross-issue, requesting this Court correct the judgment in the cocaine case to show appellant was convicted of a second-degree felony, not a first-degree felony. As discussed above, appellant was convicted of the second-degree felony of possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams. *See* HEALTH & SAFETY § 481.112(c). The judgment states appellant was convicted of a "1st Degree Felony."

We have the authority to modify the trial court's judgment to make the record speak the truth. TEX. R. AP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1991). We sustain the State's cross-issue and modify the judgment in cause number 05-18-01403-CR to reflect appellant was convicted of a felony of the second degree.

## CONCLUSION

In cause numbers 05-18-01401-CR and 05-18-01402-CR, we grant counsel's motions to withdraw and affirm the trial court's judgments. In cause number 05-18-01403-CR, we modify the judgment to reflect appellant was convicted of a felony of the second degree, and we reverse the trial court's judgment pertaining to the punishment and remand this cause to the trial court for a new punishment hearing.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
181401F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MICHAEL LEE BROOKS, Appellant

No. 05-18-01401-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-56811-Q.
Opinion delivered by Justice Schenck.
Justices Bridges and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of December, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL LEE BROOKS, Appellant

No. 05-18-01402-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F16-56812-Q.
Opinion delivered by Justice Schenck.
Justices Bridges and Whitehill
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 5th day of December, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL LEE BROOKS, Appellant

No. 05-18-01403-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-56813-Q.
Opinion delivered by Justice Schenck. Justices Bridges and Whitehill participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment of the trial court to reflect appellant was convicted of a felony of the second degree. We **REVERSE** the trial court's judgment as to punishment and **REMAND** this case to the trial court for a new punishment hearing pursuant to article 44.29(b) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. Art. 44.29(b).

Judgment entered this 5th day of December, 2019.