

# NUMBER 13-20-00104-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ORLANDO AMARO,                                                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                                      **Appellee.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Orlando Amaro was convicted of possession of a controlled substance penalty group 1-Methamphetamine (four grams or more but less than 200 grams, including any adulterants or dilutants), a second-degree felony, and was sentenced to twenty years' confinement. *See* HEALTH & SAFETY CODE ANN. § 481.115(d). By what we construe as two issues, Amaro contends that the sentence was excessive in violation of

the Eighth Amendment to the United States Constitution and that the State made improper jury argument during the punishment phase. *See* U.S. CONST. amend. VIII. We affirm.

## I.    SENTENCE

By his first issue, Amaro contends that the sentence imposed was excessive in violation of the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amends. VIII, XIV.

### A.    Standard of Review and Applicable Law

The trial court's decision on punishment is reviewed for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.—Corpus Christi–Edinburg 1989, writ ref'd). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (explaining that most likely a sentence will not be overturned on appeal if it is assessed within the legislatively determined range).

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend.

2

XIV. This right and almost every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d at 927–28.

## B.    Analysis

Here, Amaro did not object when the trial court pronounced the sentence; however, in a motion for new trial, Amaro complained that the sentence violated the Eighth Amendment. Therefore, Amaro preserved this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28. Nonetheless, a punishment falling within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual.[1] *See Trevino*, 174 S.W.3d at 928. Therefore, because the sentence is within the punishment range, and Amaro has not otherwise shown that his sentence was grossly disproportionate, we overrule Amaro's first issue. *See* TEX. PEN. CODE ANN. § 12.33 ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years."); *Ex parte Chavez*, 213 S.W.3d at 323–24; *Trevino*, 174 S.W.3d at 927–28 ("Punishment which falls

---

[1] In his brief, Amaro acknowledges that his sentence is within the statutory limits and that usually a sentence within those limits does not run afoul of the constitution.

within the limits prescribed by a valid statute is not excessive, cruel, or unusual.").

## II. THE STATE'S CLOSING ARGUMENT

By what we construe as his second issue, Amaro contends that the State made an improper statement during its closing argument during the punishment phase of his trial. Specifically, Amaro claims that the State made an analogy that improperly influenced the jury when it determined his punishment.

During the punishment phase of Amaro's trial, the State argued the following:

Ladies and gentlemen, during the guilt or innocence stage of trial, it's the jury's responsibility to be a gatekeeper. To protect the defendant from overreaching by the State. He is presumed to be innocent until the State proves otherwise, which we did yesterday. Sometimes you hear the cliche you're innocent until proven guilty, that's incorrect. It's an incorrect statement of the legal cliche. It is in a court of law one is presumed to be innocent until proven guilty. You're either guilty—you're innocent until you commit a crime, whether it's ever discovered or not. So when you found him guilty, you didn't make him guilty, he was already guilty. Just like a prospector who finds a nugget of gold in the ground, he didn't make the gold. He simply discovered what was already there. You correctly found that yes he was guilty of the offence that we charged. Now today your focus is no longer on protecting the defendant from overreaching by the State.

Your position is protecting the community from him and people like him. That's your responsibility. Your first responsibility is to the community, and no longer to the defendant.

Specifically, Amaro takes issue with the State's analogy that the jury was like "a prospector who finds a nugget of gold in the ground, he didn't make the gold. He simply discovered what was already there." Amaro argues as follows: "In the instant case, the prosecutor's comments about defendant already being guilty before ever starting trial effectively confused the jury as to the burden of proof and constituted burden shifting, causing them [to] elevate their sentence to the maximum. The result would have been

4

different had not these comments been made."

"[A] defendant's failure to object to a jury argument or to pursue to an adverse ruling his objection to a jury argument forfeits the right to complain about the argument on appeal." *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)). Amaro did not object to the complained-of statements at the time they were made. We note that Amaro filed a motion for new trial contending that the State committed reversible error when it made the complained-of comments. However, objections to alleged improper argument must be made contemporaneously. *See Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014) (recognizing that in *Cockrell*, 933 S.W.2d at 89, it determined that a defendant forfeits his appellate complaint by not contemporaneously objecting to improper jury argument); *Priester v. State*, 478 S.W.3d 826, 841 (Tex. App.—El Paso 2015, no pet.) ("In the present case, Appellant's complaint about the prosecutor's closing argument falls into the third category of forfeitable rights, as set forth in both *Grado* and *Marin*, and we therefore conclude that [by not objecting] Appellant forfeited his right to complain on appeal about the prosecutor's closing argument."); *Barnes v. State*, 70 S.W.3d 294, 307–08 (Tex. App.—Fort Worth 2002, pet. ref'd) (explaining that a contemporaneous objection is required each time the objectionable jury argument is made to preserve error). Here, Amaro failed to object when the complained-of statements were made thereby failing to preserve his complaint about the improper jury argument for appeal. *See Davis v. State*, 329 S.W.3d 798, 823 (Tex. Crim. App. 2010) ("Defense counsel failed to object the first time the prosecutor argued that appellant was a con man who spent four hours on the

stand" so he did not preserve error); *Threadgill*, 146 S.W.3d at 670 ("Because appellant failed to object to the jury argument [during the punishment phase], he has forfeited his right to raise the issue on appeal."); *Barnes*, 70 S.W.3d at 307–08 (explaining that a contemporaneous objection is required each time the objectionable jury argument is made to preserve error). We overrule Amaro's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.


JAIME TIJERINA
Justice


Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
17th day of December, 2020.

6