

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00063-CR

RODNEY DEWAYNE MUCKLEROY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 55068-A

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Rodney Dewayne Muckleroy pled guilty to the charge of burglary of a building, a state jail felony, TEX. PENAL CODE ANN. § 30.02(c)(1) (Supp.), and elected to allow a jury to determine his punishment. The State sought to enhance the charge to a second-degree felony based on evidence of Muckleroy's two prior felony robbery convictions. *See* TEX. PENAL CODE ANN. § 29.02. Muckleroy pled true to one of the prior convictions and not true to the other. After a trial to determine Muckleroy's punishment, the jury found the enhancement to be true and sentenced Muckleroy to twelve years' confinement in the Texas Department of Criminal Justice. Muckleroy appeals.

In two issues, Muckleroy claims the trial court erred in allowing expert fingerprint testimony to prove that the fingerprints in the records of the contested conviction are his. Muckleroy complains in his first issue that the expert was not timely disclosed as a witness. In his second issue, Muckleroy complains that the expert witness was not properly qualified.

We find that Muckleroy failed to preserve any error regarding the timeliness of the disclosure of the expert. We find that the trial court did not abuse its discretion in finding the expert to be qualified. We, therefore, affirm the trial court's judgment.

## I.      Muckleroy Failed to Preserve Error Regarding the Timeliness of Disclosure

In his first issue, Muckleroy argues:

> The State failed to timely disclose an expert witness in violation of the standing pretrial orders of court, the Trial Court's error in allowing testimony of this witness prejudiced Appellant and the result was so harmful and egregious that he was denied a fair and impartial trial resulting in reversible error.

The State responds that Muckleroy failed to preserve any error on this issue. We agree.

2

A party cannot raise a complaint on appeal "unless the record shows that the party made a timely objection or motion stating the grounds for the requested ruling . . . [and] obtain[ed] a ruling from the trial court or object[ed] to the trial court's refusal to rule on the objection or motion." *Null v. State*, 690 S.W.3d 305, 318 (Tex. Crim App. 2024) (citing TEX. R. APP. P. 33.1(a)). When the State presents a witness at trial who was not named on its witness list, the defendant "must 'object on the basis of surprise' in order to preserve error for appellate review." *Fletcher v. State*, No. 06-11-00180-CR, 2012 WL 2783298, at *7 (Tex. App.—Texarkana July 10, 2012, pet. ref'd) (mem. op., not designated for publication) (quoting *Barnes v. State*, 876 S.W.2d 316, 328 n.15 (Tex. Crim. App. 1994) (per curiam)).

The expert witness of which Muckleroy complains is a Longview Police Department (LPD) detective. After Muckleroy pled true to one of the enhancements, the State called Timothy Magness, a detective with the LPD, to testify as an expert on fingerprints regarding Muckleroy's prior conviction in Rusk County. Magness testified that he took fingerprints from Muckleroy the morning of the trial and compared them to the Rusk County arrest sheet and that they were a match.

Even though the State had failed to include Magness as a possible witness in required pretrial disclosures, Muckleroy did not claim surprise or object to any lack of notice at the time of trial. Muckleroy acknowledges the error-preservation rules that require a party to make a timely and specific complaint in the trial court. Nonetheless, Muckleroy contends that the trial court's admission of Magness's testimony was fundamental error resulting in egregious harm, allowing it to be raised for the first time on appeal. That harm-based doctrine of error

preservation has been rejected by the Texas Court of Criminal Appeals. *See Proenza v. State*, 541 S.W.3d 786, 795–96 (Tex. Crim. App. 2017) (citing *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled in part by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (plurality op.)).

After *Marin*, "error-preservation rules [are sorted] into three categories: (1) absolute requirements and prohibitions, (2) rights that must be implemented unless expressly waived, and (3) rights that are implemented upon request or else forfeited." *Cruz v. State*, 698 S.W.3d 265, 268 (Tex. Crim. App. 2024) (citing *Marin*, 851 S.W.2d at 279). "Most rights fall into the third category—they are forfeitable." *Id.* "Even constitutional rights may be forfeitable." *Id.* "The category of the error turns on its nature, not its harmfulness." *Id.* With this guidance, then, we must examine the nature of the error, if any, and not its harmfulness, as Muckleroy urges.

Forfeitable rights, "by and large, have been evidentiary or procedurally based." *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). The Texas Court of Criminal Appeals has treated the right to complain of the admission of expert testimony absent a timely objection as a forfeitable right. *See Fuller v. State*, 253 S.W.3d 220, 232–33 (Tex. Crim. App. 2008). That is, an objection to the admission of Magness's testimony must have been made at trial to preserve the complaint for appeal. *See id.*

Because Muckleroy did not object to the admission of Magness's testimony based on surprise at the time of trial, he failed to preserve any error associated with the State's failure to timely disclose Magness as a witness. We overrule Muckleroy's first issue.

4

**II.      The Trial Court Did Not Abuse its Discretion in Finding Magness Was Qualified to Testify that the Fingerprints on the Records of a 1988 Conviction are Muckleroy's**

In his second issue, Muckleroy claims the trial court erred by overruling his objection, on qualification grounds, to the expert testimony of Magness that Muckleroy's fingerprints taken by Magness on the day of trial matched those found on the records of a 1988 conviction.

"[A] prior conviction alleged for enhancement . . . may be established by certified copies of a judgment and a sentence and authenticated copies of . . . records, including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant." *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986).

Regarding expert qualifications:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

TEX. R. EVID. 702.   There are three requirements for admitting expert testimony:   "(1) the witness qualifies as an expert by reason of his knowledge, skill, experience, training, or education; (2) the subject matter of the testimony is an appropriate one for expert testimony; and (3) admitting the expert testimony will actually assist the fact-finder in deciding the case." *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019) (quoting *Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006)).   "These [requirements] are commonly referred to as (1) qualification, (2) reliability, and (3) relevance."   *Id.*   Muckleroy calls into question only Magness's qualifications.

5

"The specialized knowledge that qualifies a witness to offer an expert opinion may be derived from specialized education, practical experience, a study of technical works or a combination of these things." *Id.* "A witness must first have a sufficient background in a particular field, but a trial judge must then determine whether that background 'goes to the very matter on which [the witness] is to give an opinion.'" *Id.* (alteration in original) (quoting *Vela*, 209 S.W.3d at 131). The burden to show expert-witness qualification is on the party offering the testimony. *Id.*

We review "a trial court's ruling on the admission of evidence for an abuse of discretion." *Id.* (citing *Rodgers v. State*, 205 S.W.3d 525, 527 (Tex. Crim. App. 2006)). "The trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably." *Id.* There are three questions an appellate court may consider in determining whether a trial court has abused its discretion in ruling on an expert's qualifications: "(1) Is the field of expertise complex? (2) How conclusive is the expert's opinion? (3) How central is the area of expertise to the resolution of the lawsuit?" *Id.* at 669–70. "Greater qualifications are required for more complex fields of expertise and for more conclusive and dispositive opinions." *Id.* at 670.

The detective of whom Muckleroy complains testified on behalf of the State for the purpose of establishing the prior Rusk County conviction the State used for enhancement. Magness testified that he worked patrol with the LPD prior to switching to the crime laboratory. At the time of trial, Magness was with the LDP for four years and eight months, and two years and two months of that was with the crime laboratory.

6

Magness testified as to his training in photography, fingerprinting, and blood-splatter analysis. Specifically with respect to fingerprinting, Magness stated that he had forty hours of fingerprint training, in which he learned to do latent fingerprint comparisons, the "history of the fingerprint, [and] what makes . . . fingerprint pattern types." He testified that he "completed a basic, intermediate, and advanced level fingerprint comparison class." He said he is an Automatic Fingerprint Identification System (AFIS) operator in the State of Texas—a system into which one enters a latent fingerprint, and it is compared to twenty individuals. Any determination after that is physically made by pulling a print off the computer and comparing it by sight. Magness explained the difference between latent and patent fingerprints, with the former being "invisible to the naked eye without some form of development" and the latter being more of a known impression, like an inked fingerprint card. Magness testified that he would lift a fingerprint off an item, run it through AFIS, and then receive a ten-print known reference card that he would compare to the latent print that he developed.

Magness testified that no one has fingerprints that match someone else's. He stated that, on the morning of the trial, he took Muckleroy's fingerprints and then compared specifically the right thumbprint to the fingerprint card from the arrest record from Rusk County. Magness opined that the fingerprints on the Rusk County arrest record from 1988 were that of Muckleroy. On cross-examination, Magness was asked, "[H]ow much of a match was [the fingerprint compared]?" He testified that there is "no set number," "no exact number" to quantify how much of a match it was.

7

The field of expertise of latent fingerprint analysis is not scientifically complex. *Rodgers v. State*, 205 S.W.3d 525, 528 (Tex. Crim. App. 2006). Here, Magness did not specify how conclusive his comparisons were, but based on his comparison, he determined Muckleroy's prints to match those of the prior Rusk County conviction. Finally, though Muckleroy asserts that, without Magness's expert testimony, the prior Rusk County conviction could not have been linked to Muckleroy, Janice Childers, a records clerk for the Rusk County Sheriff's Office, also testified without objection. She testified that the records in the Rusk County arrest file, including a set of fingerprints, belonged to Muckleroy.

Thus, the complexity point weighs in favor of less stringent qualification requirements, while the conclusiveness point weighs towards more. Considering Childers's additional testimony linking Muckleroy to the prior conviction, the dispositiveness point is neutral. Magness demonstrated "his specialized knowledge of fingerprint collection and analysis, knowledge he obtained through specialized fingerprint courses and field experience." Under these circumstances, we agree with the State that the trial court did not abuse its discretion in determining Magness was qualified to testify. We overrule Muckleroy's second issue.

## III. Conclusion

We affirm the trial court's judgment.


                                        Jeff Rambin
                                        Justice

Date Submitted:     November 8, 2024
Date Decided:       December 12, 2024

Do Not Publish